UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| M.O., by his parents and next friends, ) <br> CHRIS and LINDA ONDROVIC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INDIANA DEPARTMENT OF EDUCATION, ) <br> INDIANA BOARD OF EDUCATION, INDIANA ) <br> BOARD OF SPECIAL EDUCATION APPEALS, ) <br> DUNELAND SCHOOL CORPORATION, and ) <br> PORTER COUNTY EDUCATION SERVICES, ) <br> ) <br> Defendants. ) | CASE NO. 2:07-CV-175-TS |

**OPINION and ORDER**

Before the Court is an Emergency Motion to Stay Administrative Proceedings [DE 55], filed on September 24, 2008, by Defendants Duneland School Corporation and Porter County Education Services (the School Defendants). The School Defendants ask the Court to stay state administrative proceedings scheduled to begin on October 8, 2008. The Plaintiffs filed a Response in Opposition [DE 59] on October 2, and the School Defendants filed a Reply [DE 61] on October 6. The Court held a telephone conference with the parties' counsel on October 7 and advised them that the Court would deny the Motion [DE 55] and issue the order on October 8.

**BACKGROUND**

A fuller factual and procedural background is provided in the Court's Order of August 29, which granted in part and denied in part the State Defendants' Motion to Dismiss. For the limited purpose of this Motion, the relevant background is as follows. In September 2006, the Plaintiffs requested a due process hearing at the administrative level under the Individuals with

Disabilities Education Act (IDEA). An independent hearing officer (IHO) conducted a hearing and ruled largely in favor of the Plaintiffs. The Indiana Board of Special Education Appeals mostly reversed that decision. A Complaint in this Court followed in June 2007.

After the Complaint was filed and while the parties were briefing summary judgment motions, the parties continued to negotiate the parameters of educational services and Individualized Education Plans (IEP) for Plaintiff M.O. (*See* School Defs.' Mot. for Immediate Stay 5–6, 8–9; Pls.' Opp. to School Defs.' Mot. to Stay 3.) "After receiving a June 2008 IEP, the parents requested a special education hearing about that IEP on August 12, 2008." (Pls. Opp to School Defs.' Mot. to Stay 1; *see also* Schoool Defs.' Mot for Immediate Stay 6, 9.) The Plaintiffs sought the new due process hearing because they believed Plaintiff M.O. should be identified as "Other Health Impaired," his IEP should better accommodate his headache problems, and they have other concerns with Plaintiff M.O.'s education. (Pls.' Counsel Letter, July 22, 2008, 1–2, DE 55-7 at 5–6.) The School Defendants asked the IHO to delay the due process hearing until this Court decided the pending summary judgment motions, but the IHO declined to do so. The School Defendants then asked this Court to stay the state administrative proceedings. Further facts are incorporated into the analysis as required.

## ANALYSIS

The School Defendants' arguments for a stay are based on the IDEA, claim preclusion, and the All Writs Act.

2

A. The IDEA's Stay-Put and Additional Evidence Provisions

The School Defendants rely on the IDEA to argue that the Plaintiffs should not be allowed to proceed with the state administrative hearings. They rely on two provisions in particular—the provision requiring a court to "hear additional evidence at the request of a party" when reviewing state education decisions, 20 U.S.C. § 1415(i)(2)(C)(ii), and the stay-put provision, 20 U.S.C. § 1415(j). In essence, the School Defendants rely on both provisions to argue that the Plaintiffs should bring the issues regarding the June 2008 IEP directly to federal court rather than through the administrative process.

**(1)** *Additional Evidence Provision*

The School Defendants point out that the provision regarding additional evidence allows the Plaintiffs in this case to bring additional evidence to the attention of the Court, while "[t]he IDEA does not expressly provide for the Plaintiffs to file a new hearing on ongoing matters." (School Defs.' Mot. for Immediate Stay 16–17.)

The Plaintiffs argue that the issues before the hearing officer in the second administrative hearing are distinct from the issues before the Court in this case. The issues before the hearing officer are highlighted in the School Defendants' exhibits 2 through 9. (*see* Exhibits, DE 55-2 through DE 55-9) The issue of choosing between Plaintiff M.O. having a teacher and enrolling in the IUHS program is not currently before the Court, (*see* Pls.' Opp. to School Defs.' Mot. to Stay 5), and seems appropriate for consideration by the hearing officer in the new administrative proceeding. Letters from Plaintiff Linda Ondrovic about this choice likewise are better addressed initially in the administrative process. Also at issue in the scheduled administrative hearing are

3

June and August 2007 IEPs, (*id.* at 5–6), which were not litigated during the first administrative process and are not at issue in the pending summary judgment motions. As the Plaintiffs point out, the other School Defendants exhibits refer to disputes over Plaintiff M.O.'s placement and IEP that occurred after this case was filed in this Court. It appears that the issues in the second administrative hearing are different enough from the first hearing (and subsequent litigation here) that the additional evidence provision does not require that the administrative process be stayed.

In the School Defendants' Motion for Immediate Stay [DE 55], the posture of the parties is opposite that normally taken in IDEA cases where exhaustion of administrative remedies is disputed. Typically, defendants argue that plaintiffs have not exhausted their claims, so those claims are waived in court. *See Honig v. Doe*, 484 U.S. 305, 326–27 (1988); *Mosely v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 532–33 (7th Cir. 2006). In this case, the Defendants are insisting that the Plaintiffs forego any administrative process, despite normal exhaustion requirements, and bring the matter directly to court, while the Plaintiffs wish to proceed with the administrative process. But the authority the School Defendants rely on for this unusual argument—that the Plaintiffs must bring new disputes before the Court—is permissive language in the statute. It is permissive in the sense that a Court only considers additional evidence "at the request of a party." *See* 20 U.S.C. § 1415(i)(2)(C)(ii). The Plaintiffs simply have elected not to request that additional evidence be considered, choosing instead to deal with it at the administrative level. The School Defendants do not provide authority that says additional evidence must be raised at the court level.

Moreover, the additional evidence section does not lessen the requirement that the district

court give "due weight" to the administrative process proceedings so as not to change the character of the court's review from one of review to a trial *de novo*. *Konkel v. Elmbrook Sch. Dist.*, 348 F. Supp. 2d 1018 1021 (E.D. Wis. 2004) (noting that the Seventh Circuit has not established a clear standard for resolving what additional evidence a district court must hear in an IDEA proceeding) (*citing Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901–02 (7th Cir. 1996)). For the issues raised by the Plaintiff in the request for a second administrative hearing, this Court cannot give due weight to an administrative proceeding that has not taken place.

**(2)** *Stay-Put Provision*

The stay-put provision states that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). The purpose of this provision is "to strip schools of the *unilateral* authority they had traditionally employed to exclude disabled students . . . from school." *Honig v. Doe*, 484 U.S. 305, 323 (1988).

The School Defendants also argue that the policy underlying the stay-put provision counsels against allowing the Plaintiffs to seek an administrative hearing over what the Defendants characterize as a disagreement over the stay-put provision's applicability to Plaintiff M.O. The Plaintiffs disagree that the underlying dispute is over the stay-put provision. Even assuming the School Defendants' assertion about the applicability of the stay-put provision, the Court is not persuaded that a stay of the administrative proceedings is warranted.

5

The Seventh Circuit has "recognized that the educational status quo for a growing, learning young person often makes rigid adherence to particular educational methodologies an impossibility." *John M. v Bd. of Educ. of Evanston Twp. High Sch. Dist. 202*, 502 F.3d 708, 714 (7th Cir. 2007) (internal quotations omitted). Various appeals court "cases recognize the need for some degree of flexibility in interpreting the last agreed-upon IEP in a stay-put situation. In complying with the stay-put provision, we must interpret "educational placement" to incorporate enough flexibility to encompass [the child's] experience." *Id.* at 715 (internal quotations omitted).

However, a court also "must give careful attention to the purpose of the stay-put provision." *Id.*

> The recognized and defined special needs of the child and the educational goals originally set by the parents and by professional educators must be respected. Protestations that educational methodologies proven to be helpful to the child in the past are now impossible must be evaluated with a critical eye to ensure that motivations other than those compatible with the statute, such as bureaucratic inertia, are not driving the decision. Suggestions for methodological change that would dilute the statute's policy of "mainstreaming" disabled children to the "maximum extent appropriate," 20 U.S.C. § 1412(a)(5)(A), deserve particular scrutiny.

*Id.* This indicates that IEP and educational placement decisions that are contrary to the parents' wishes because they run counter to the "policy of 'mainstreaming' disabled children," *id.*, as the Plaintiffs allege in their request for a second administrative hearing, "deserve particular scrutiny," *id.* The Court can best review the matter with particular scrutiny once the administrative level has been exhausted, as the IDEA statute indicates.

It is true, as the Defendants point out, that *John M.* and other cases acknowledge that parents and schools may agree to change a student's IEP even while litigation is ongoing. But

6

that does not mean that the court handling the litigation must consider and decide each and every disagreement about an IEP whenever a disagreement arises. Nor do the Seventh Circuit's instructions in *John M.*, quoted above, indicate that a court must do so. Again, in the absence of explicit direction to the contrary, the default is to have new issues be heard in an administrative setting before being considered by the Court.

The School Defendants cite to *Casey K. v. St. Anne Cmty. High Sch. Dist. No. 32*, 400 F.3d 508 (7th Cir. 2005), for the proposition that a court can address "pending issues concerning the disagreements over stay-put." (School Defs.' Reply 6.) That case does not support the School Defendants' view for several reasons. First, that case's procedural posture is considerably different than this one. *See Norman v. St. Anne Cmty. High Sch. Dist. No. 302*, No. 04-2128, 2004 WL 3246973 (C.D. Ill. Aug. 13, 2004) (district court proceedings involving plaintiff Casey K).

Second, that case involved the issue of whether the stay-put provision applied when the student was leaving one school in one school district for another school in another district that had not been a party to the original IDEA negotiations and agreement. That is far different from this case, where the parties have agreed to one or more modifications of the IEP since litigation began but now are at an impasse. Third, at no point did the Seventh Circuit indicate that litigating the stay-put provision in court before the underlying merits were decided is the only way to proceed when a dispute arises over education placement while a case is pending. Thus, the Plaintiffs' decision to raise issues at the administrative level is not inconsistent with the IDEA.

### B. A Stay Based on Claim Preclusion

The School Defendants argue that claim preclusion is a basis for issuing an order to stay the administrative proceedings. They argue that the Plaintiffs sought a new due process hearing on certain issues because the School Defendants have argued in their summary judgment filings that those issues were waived. The School Defendants want this Court to rule on those issues to preclude relitigation and argue: "In the interim of this Court's ruling on the summary judgment motions, the Plaintiffs should be prohibited from circumventing the judicial system by filing another Administrative Hearing Request . . . ." (School Defs.' Mot. for Immediate Stay 15.) In essence, the School Defendants are pursuing a sort of preemptive claim preclusion strategy.

However, claim preclusion requires "a final judgment on the merits," *Cole v. Bd. of Tr. of Univ. of Ill.*, 497 F.3d 770, 772 (7th Cir. 2007), in addition to "an identity of the parties or their privies[] . . . [and] an identity of the causes of action." *Id.* At present, the Court has issued no final decision on the merits in this case, and the School Defendants do not argue that it has. The School Defendants' argument seems to be that the Plaintiffs are trying to avoid claim preclusion by initiating a new administrative process. That may or may not be the case, but the doctrine of claim preclusion does not bar the Plaintiffs from doing so because no final judgment has issued in this Court.

### C. A Stay Based on the All Writs Act

The School Defendants' also request a stay of the administrative proceedings based on the All Writs Act, 28 U.S.C. § 1651, which states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

The All Writs Act is not "a 'jurisdictional blank check' to use whenever [a court] deems it advisable." *Matter of VMS Secs. Litig.*, 103 F.3d 1317, 1324 (7th Cir. 1996). Rather, only "[e]xceptional circumstances . . . warrant this proper exercise of judicial discretion." *Id.* A stay (or removal) of a case based on this power is meant to preserve or protect an order that has already been issued, as opposed to preserving an ongoing case. *Id.* (stating that a district court may use the All Writs Act "to guard the integrity of its prior rulings); *see also Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 412 (7th Cir. 2000) (stating that "a district court may assume jurisdiction over the [state] suit if . . . exceptional circumstances threatening the integrity of its *prior rulings* are present" (emphasis added)). That is not to say that a court could not issue a stay under the All Writs Act before it has issued an order or final ruling, but this Circuit's approach seems to be that the extraordinary circumstances required for such a stay are more likely to be present after an order or final ruling has been issued.

In this case, the Court has not yet ruled on the pending summary judgment motions, so there is no previous ruling or order to preserve or protect. Also, this case and the specific issue raised in this Motion do not appear to involve extraordinary circumstances. The School Defendants have not made the case for extraordinary circumstances other than to note the resources they will have to expend in the state administrative proceeding. However, litigation under the IDEA is resource-intensive in general, so this cannot be the basis of extraordinary circumstances justifying a stay under the All Writs Act. The new due process hearing concerns factual issues that for the most part are different from and arose after the factual issues raised in the pending summary judgment proceedings, and a hearing officer's rulings on those facts and

9

issues will not undermine the case before this Court. The Court finds no basis at this time to issue a stay under the All Writs Act.

## CONCLUSION

For the foregoing reasons, the Court DENIES the School Defendants' Motion for Immediate Stay of State Administrative Proceedings [DE 55].

So ORDERED on October 8, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION